IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:16-CR-11-1-D

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| WALDA LORENA LUNA | ) |

**PRELIMINARY ORDER AND JUDGMENT OF FORFEITURE**

WHEREAS, pursuant to the entry of the Memorandum of Plea Agreement entered into by the defendant, Walda Lorena Luna, on June 20, 2016, the following property is hereby forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c), to wit:

(A) **CURRENCY**

(1) U.S. currency in the amount of $1,789,520, seized from the defendants in the Eastern District of Arkansas on May 1, 2014;

(2) U.S. currency in the amount of $1,176, seized from defendant LUNA's retail business known as Beverly Tienda on May 2, 2014;

(B) **REAL PROPERTY**

(1) One tract of real property with all buildings and appurtenances thereto, as described in a deed recorded in Book 1441, Page 975 of the Duplin County Registry, having the street address of 413 N. Duplin Street, Wallace, North

1

Carolina, and being titled in the name of Walda L. Luna;

(2) One tract of real property with all buildings and appurtenances thereto, as described in a deed recorded in Book 1669, Page 76 of the Duplin County Registry, having the street address of 406 N. Norwood Street, Wallace, North Carolina, and being titled in the name of Walda Lorena Luna;

(3) One tract of real property with all buildings and appurtenances thereto, as described in a deed recorded in Book 1669, Page 76 of the Duplin County Registry, having the street address of 309 E. Cavenaugh Street, Wallace, North Carolina, and being titled in the name of Walda Lorena Luna;

(4) One tract of real property with all buildings and appurtenances thereto, as described in a deed recorded in Book 1670, Page 970 of the Duplin County Registry, having the street address of 417 East Cavenaugh Street, Wallace, North Carolina, and being titled in the name of Perfecto Ruano; and

(C) **CURRENCY** in the amount of **$2,944,799.00**, representing the gross proceeds of offenses stated in the Superseding Criminal Information.

AND WHEREAS, by virtue of said Memorandum of Plea Agreement, the United States is now entitled to possession of said property, pursuant to 18 U.S.C. § 982 (a)(1)(C), as allowed by Fed. R. Crim. P. 32.2 (c)(2);

It is hereby ORDERED, ADJUDGED and DECREED:

1. That based upon the Memorandum of Plea Agreement as to the defendant, Walda Lorena Luna, the United States is hereby AUTHORIZED to seize the above-stated currency and real property, and they are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n), as allowed by Fed. R. Crim. P. 32.2(b)(3). In addition, JUDGMENT is entered for the amount of the gross proceeds, that is, $2,944,799.00, as allowed by Fed. R. Crim. P. 32.2(b)(2)(A). In accordance with Fed. R. Crim. P. 32.2(b)(4)(A), this Order and Judgment is final as to the defendant upon entry.

2. That upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is directed to incorporate a reference to this Order and Judgment of Forfeiture in the applicable section of the Judgment, as required by Fed. R. Crim. P. 32.2(b)(4)(B).

3. With regard to the currency and real property only, pursuant to 21 U.S.C. § 853(n), the United States shall publish notice of this Order and of its intent to dispose of the property in such manner as the Attorney General, the United States Department of Treasury, or the Director of the U. S. Department of Homeland Security directs, by publishing and

3

sending notice in the same manner as in civil forfeiture cases, as provided in Supplemental Rule G(4). Any person other than the defendant, having or claiming any legal interest in the subject property must file a petition with the Court within 30 days of the publication of notice or of receipt of actual notice, whichever is earlier.

The petition must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, and must include any additional facts supporting the petitioner's claim and the relief sought.

4. That upon adjudication of all third party interests this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853, as required by Fed. R. Crim. P. 32.2(c).

SO ORDERED. This **15** day of **November**, 2016.

 _____
 JAMES C. DEVER, III
 Chief United States District Judge

4