IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:16-CR-11-1-D
NO. 7:16-CR-11-2-D

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| WALDA LORENA LUNA | ) |
| PERFECTO RUANO | ) |

**FINAL ORDER OF FORFEITURE**

WHEREAS, on November 15, 2016, this Court entered Preliminary Orders of Forfeiture and pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) the following property was forfeited to the United States, to wit:

(A) **CURRENCY**

    (1) U.S. currency in the amount of $1,789,520, seized from the defendants in the Eastern District of Arkansas on May 1, 2014;

    (2) U.S. currency in the amount of $1,176, seized from defendant LUNA's retail business known as Beverly Tienda on May 2, 2014;

(B) **REAL PROPERTY**

    (1) One tract of real property with all buildings and appurtenances thereto, as described in a deed recorded in Book 1441, Page 975 of the Duplin County Registry, having the

1

street address of 413 N. Duplin Street, Wallace, North Carolina, and being titled in the name of Walda L. Luna;

(2) One tract of real property with all buildings and appurtenances thereto, as described in a deed recorded in Book 1669, Page 76 of the Duplin County Registry, having the street address of 406 N. Norwood Street, Wallace, North Carolina, and being titled in the name of Walda Lorena Luna;

(3) One tract of real property with all buildings and appurtenances thereto, as described in a deed recorded in Book 1669, Page 76 of the Duplin County Registry, having the street address of 309 E. Cavenaugh Street, Wallace, North Carolina, and being titled in the name of Walda Lorena Luna;

(4) One tract of real property with all buildings and appurtenances thereto, as described in a deed recorded in Book 1670, Page 970 of the Duplin County Registry, having the street address of 417 East Cavenaugh Street, Wallace, North Carolina, and being titled in the name of Perfecto Ruano; and

AND WHEREAS, the United States published notice of this forfeiture at the www.forfeiture.gov web site for at least 30 consecutive days, between December 9, 2016 and January 7, 2017, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty of Maritime Claims and Asset Forfeiture Actions, and said published notice advised all third parties of their right to petition the court within sixty (60) days from the first day

of the publication date for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property;

AND WHEREAS, the potential petitioners as to the subject properties in this criminal forfeiture action are listed as follows: Duplin County Tax Collector, Ralph Heinze, Bank of America, and Branch Banking and Trust Company;

AND WHEREAS, the subject $1,176.00 U. S. currency was served while in the custody of the U. S. Treasury, Internal Revenue Service, on January 5, 2017;

AND WHEREAS, service upon the subject real properties was executed by posting of the Preliminary Orders of Forfeiture on the properties by an agent of the United States Department of Treasury on January 4, 2017;

AND WHEREAS, service of the Preliminary Orders of Forfeiture was made on the Duplin County Tax Collector via certified mail on December 12, 2016 by an agent of the U. S. Postal Service;

AND WHEREAS, service of the Preliminary Orders of Forfeiture was made on Ralph Heinze via certified mail on December 10, 2016 by an agent of the U. S. Postal Service;

AND WHEREAS, service of the Preliminary Orders of Forfeiture was made on Bank of America c/o C T Corporation System, Registered Agent, via certified mail on December 13, 2016 by an agent of the U. S. Postal Service;

3

AND WHEREAS, service of the Preliminary Orders of Forfeiture was made on Bank of America c/o MERS, Inc., via certified mail on December 12, 2016 by an agent of the U. S. Postal Service;

AND WHEREAS, service of the Preliminary Orders of Forfeiture was made on Bank of America, Attn: Legal Department, via certified mail on December 10, 2016 by an agent of the U. S. Postal Service;

AND WHEREAS, service of the Preliminary Orders of Forfeiture was made on Branch Banking and Trust Company c/o MERS, Inc., via certified mail on December 12, 2016 by an agent of the U. S. Postal Service;

AND WHEREAS, service of the Preliminary Orders of Forfeiture was made on Branch Banking and Trust Company c/o C T Corporation System, via certified mail on December 12, 2016 by an agent of the U. S. Postal Service;

AND WHEREAS, service of the Preliminary Orders of Forfeiture was made on Branch Banking and Trust Company, Attn: Legal Department, via certified mail on December 12, 2016 by an agent of the U. S. Postal Service;

AND WHEREAS, on December 28, 2016, the Duplin County Tax Department filed a petition of interest as to the subject real properties described as 413 N. Duplin Street, Wallace, North Carolina and 406 N. Norwood Street, Wallace, North Carolina, as

4

well as a petition of interest as to the real property described as 417 East Cavenaugh Street, Wallace, North Carolina, and the claim for real property taxes on any real property forfeited has been accepted by the United States;

AND WHEREAS, it appears from the record that no claims, contested or otherwise, have been filed for any of the subject property described in this Court's November 15, 2016 Preliminary Orders of Forfeiture, other than those specifically mentioned herein;

It is HEREBY ORDERED, ADJUDGED and DECREED:

1. That the subject property listed in the November 15, 2016 Preliminary Orders of Forfeiture, with the exception of the $1,789,520 listed, is hereby forfeited to the United States. The United States Department of Justice or the United States Department of Treasury is directed to dispose of the property according to law. All right, title, and interest in this property shall vest in the United States as of the date of commission of the offense committed by the defendants which rendered it subject to forfeiture, subject only to the claim of the Duplin County Tax Department for real property taxes.

2. That any and all forfeited funds shall be deposited by the United States Department of Justice or the United States Department of Treasury as soon as located or recovered into the Department of Justice's Assets Forfeiture

5

Fund or the Department of Treasury's Assets Forfeiture Fund in accordance with 28 U.S.C. § 524(c) and 21 U.S.C. § 881(e).

SO ORDERED this 16 day of March, 2017.

_____
JAMES C. DEVER, III
CHIEF UNITED STATES DISTRICT JUDGE